IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GARY DEWITT ODOM | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-557 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Gary DeWitt Odom, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner contends he is being unlawfully denied placement in a halfway house based on a detainer from Florida. Petitioner claims that Florida authorities, however, will not execute the detainer. Petitioner asserts he has been released on two prior occasions, once on parole and once on supervised release, and he should be released again because Florida has no interest in taking him into custody.

The Respondent's Motion

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent filed a Motion to Dismiss (doc. #17). The Respondent asserts that Petitioner may

not challenge his form of confinement in a § 2241 habeas petition. The Respondent asserts that the Petition should, therefore, be dismissed.

Analysis

Title 28 U.S.C. § 2241 gives the district court authority to grant a Petition for Writ of Habeas Corpus where a prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) and (3). Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, the Petitioner bears the burden of establishing he is in custody in violation of the Constitution and laws of the United States.

Petitioner's disagreement with the BOP's determination concerning his placement in a halfway house does not establish a constitutional violation. Placement in a halfway house and/or home confinement is discretionary, and a liberty interest does not exist. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012). Further, the Fifth Circuit has explained that "§ 3624 does not impinge on the BOP's authority to determine the facility in which a prisoner should be housed." *Id.* Therefore, Petitioner's disagreement with the BOP's refusal to release him early to a halfway house does not entitle him to habeas relief.

Further, to the extent, Petitioner's claims may be liberally interpreted as asserting that his continued confinement is the result of a prison official's arbitrary decision, Petitioner's claim is refuted by the record. Petitioner is not eligible for release to a halfway house. Inmates are to be individually considered for RRC placement using the following criteria set forth in 28 U.S.C.

§ 3621(b): (1) the resources of the facility; (2) the nature and circumstance of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court which imposed the sentence; and (5) any pertinent information issued by the U.S. Sentencing Commission. In this case, however, the Bureau conducted an individualized assessment and noted that Petitioner is not eligible for placement in an RRC because he has an active warrant/detainer that appears on his criminal history. Additionally, when Petitioner has been released previously, he has violated the terms of his supervised release or parole by absconding and/or committing violent offenses and thefts from persons. Thus, the Bureau's determination that Petitioner was not appropriate for release to a halfway house is supported by the record, and was not an abuse of discretion.

For the reasons set forth above, Petitioner has failed to show a constitutional violation regarding the alleged denial of placement in a halfway house. Accordingly, the Respondent's Motion to Dismiss should be granted, and Petitioner's Petition for Writ of Habeas Corpus should be dismissed.

## Recommendation

The Respondent's Motion to Dismiss should be granted. The above-styled Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE