IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

GARY DEWITT ODOM                          §

VS.                                       §                    CIVIL ACTION NO. 1:21cv557

WARDEN, FCI BEAUMONT LOW            §

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Gary Dewitt Odom, an inmate at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The action was dismissed on September 6, 2022.

Petitioner has filed a motion to expedite and motion to include exhibits (Dkt. 31), a motion for reconsideration of the judgment (Dkt. 32), and a motion to supplement his motion for reconsideration and a motion clarification (Dkt. 33).  This memorandum opinion and order considers such motions.

<u>ANALYSIS</u>

Fᴇᴅ. Cɪᴠ. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.**  The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

  (A)    after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

  (B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) *Further Action After a Nonjury Trial*.**  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional

testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.**  A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.**  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The court conducted a careful review of all grounds raised by petitioner in his motions and finds no meritorious ground for relief from the judgment.  As set forth in the Report previously adopted in this case, petitioner's petition fails to state a claim entitling him to early release. Therefore, petitioner's motions for reconsideration should be denied.  Further, as a result of the final judgment being filed prior to petitioner's motion to expedite, petitioner's motion to expedite should be denied as moot.

ORDER

For the reasons set forth above, petitioner's motions for reconsideration are without merit. Accordingly, the motions should be denied.  It is therefore,

ORDERED that petitioner's motions for reconsideration are DENIED.  Additionally, it is

ORDERED that petitioner's motion to expedite is DENIED as moot.

**SIGNED this 31st day of August, 2023.**

Michael J. Truncale
United States District Judge